**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

SOLE CONSTRUCTION, INC.,

        Plaintiff,

v.

CHICAGO TITLE INSURANCE COMPANY,
and SRB SERVICING, LLC,

        Defendants.

_____ /

Case Number: 10-11879

DENISE PAGE HOOD
UNITED STATES DISTRICT JUDGE

VIRGINIA M. MORGAN
UNITED STATES MAGISTRATE JUDGE

## REPORT AND RECOMMENDATION TO GRANT DEFENDANTS' MOTIONS FOR JUDGMENT ON THE PLEADINGS AND TO DENY DEFENDANT SRB'S MOTION FOR SANCTIONS

In this insurance dispute, Plaintiff Sole Construction, Inc. ("Sole"), seeks the insurance proceeds distributed by Defendant Chicago Title Insurance Company ("Chicago Title") to Defendant SRB Servicing, LLC, ("SRB") pursuant to a title insurance policy issued by Chicago Title to SRB. This action arises out a foreclosure action in Wayne County, Michigan in which Sole, a real estate investment company, initiated foreclosure proceedings against a piece of real property after the property developer failed to pay the construction liens Sole levied on the property. Sole received a judgment in the state court foreclosure proceeding in which the court ruled that Sole's construction liens were senior to the other construction liens and the mortgage lien filed by SRB. In this action, Sole seeks to recover insurance proceeds from the title insurance policy issued on the property.

Presently before the court are SRB's motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c), filed September 7, 2010, SRB's motion for Rule 11 sanctions,

filed October 14, 2010, and Chicago Title's motion for judgment on the pleadings pursuant to Federal Rule of Civil Procedure 12(c) or, alternatively, for summary judgment pursuant to Federal Rule of Civil Procedure 56, filed October 18, 2010. (Doc. No. 13, SRB's Mot. to Dismiss; Doc. No. 21, SRB's Mot. for Sanctions; Doc. No. 22, Chicago Title's Mot. to Dismiss). The court notes that Chicago Title joined SRB's motion to dismiss and filed a separate motion to dismiss/for summary judgment. (Doc. No. 16, Chicago Title's concurrence; Doc. No. 22, Chicago Title's Mot. to Dismiss). The motions for judgment have been fully briefed and the court heard oral argument on October 18, 2010, at which time both SRB and Chicago Title had an opportunity to argue for dismissal and Sole had the opportunity to respond. The motion for sanctions has been decided on the papers.

For the reasons discussed below, the court recommends that SRB's and Chicago Title's motions for judgment on the pleadings be **GRANTED** and SRB's motion for sanctions be **DENIED**.

## I. Background

Beginning in August 2006, Fifth Third Bank provided financing for a construction project in Van Buren Township, Michigan. (Compl. ¶ 8; Compl. Ex. 2, Construction Mortgages). Fifth Third Bank ultimately provided $11,880,000, in two construction mortgages, to Van Buren Development, LLC for the project. (Compl. Ex. 2, Construction Mortgages). To insure its interest in the project, Fifth Third Bank bought two title insurance policies from Defendant Chicago Title, which protected Fifth Third Bank and its assigns and successors against "lack of priority of the lien of the insured mortgage over any statutory lien for services, labor or material." (Compl. Ex. 3, Title Insurance Policy 72107-72926279; Doc. No. 22, Ex. B Title Insurance Policy 72107-74531165). Fifth Third Bank assigned the construction mortgages, "and the notes and claims secured thereby,"

to SRB on December 5, 2008 and February 5, 2009. (Compl. Ex. 4, Mortgage Assignments).

Sole provided labor and materials to the construction project. (Compl. ¶ 7). After Van Buren Development failed to pay Sole the $469,217.60 it owed Sole for labor and materials, Sole perfected a statutory construction lien against the property and recorded the lien on August 6, 2008. (Compl. Ex. 1, Construction Liens).

On February 9, 2009, Sole commenced a foreclosure action, based on the construction lien, in Wayne County Circuit Court. (Compl. ¶ 12). Fifth Third Bank and SRB were both named as defendants in the foreclosure action. (Compl. ¶ 13). SRB tendered the Sole claim to Chicago Title for coverage, including defense and indemnity, and "SRB and Chicago Title reached a resolution regarding SRB's title claim." (Compl. ¶ 14; Doc. No. 13, SRB's Mot. to Dismiss 3). Sole received a judgment in the foreclosure action in the amount of $469,217.60 and the court determined that Sole's lien was superior to the mortgage interests in the property. (Compl. ¶ 15).

Shortly after receiving the foreclosure judgment, Sole filed the instant action in Wayne County Circuit Court, alleging four counts: 1) breach of the title insurance policy, based on the theory that Sole is a third-party beneficiary to the policy; 2) constructive trust; 3) equitable lien; and 4) unjust enrichment. (Compl.). Defendants removed the complaint to this court on May 10, 2010. (Doc. No. 1).

The property was auctioned at a sheriff's sale on September 14, 2010, at which time Sole and the other creditors bid their liens and bought the property. (Doc. No. 19, Pl.'s Resp. 4).

**II. SRB and Chicago Title's Rule 12(c) Motions**

A motion for judgment on the pleadings pursuant to Rule 12(c) of the Federal Rules of Civil Procedure is reviewed under the same standard as a 12(b)(6) motion to dismiss for failure to state

a claim upon which relief can be granted. *Grindstaff v. Green*, 133 F.3d 416, 421 (6th Cir.1998).

Federal Rule of Civil Procedure 12(b)(6) allows a party to move to dismiss a complaint for failure to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). To survive a Rule 12(b)(6) motion, the complaint's "factual allegations must be enough to raise a right to relief above the speculative level on the assumption that all of the allegations in the complaint are true." *Bell Atlantic Corp. v. Twombley*, 550 U.S. 544, 545 (2007). The court is "not bound to accept as true a legal conclusion couched as a factual allegation." *Ashcroft v. Iqbal*, --- U.S. ----, 129 S.Ct. 1937, 1950 (2009) (internal quotation marks and citation omitted). Moreover, "[o]nly a complaint that states a plausible claim for relief survives a motion to dismiss." *Id.* In sum, "[t]o survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to state a claim for relief that is plausible on its face." *Id.* at 1949 (internal quotation marks and citation omitted).

Defendants first argue that Sole's breach of contract claim should be dismissed because Sole is not a third-party beneficiary to the title insurance policy. (Doc. No. 13, SRB's Mot. to Dismiss 4; Doc. No. 22, Chicago Title's Mot. to Dismiss 5). Defendants further argue that Sole is not an intended third-party beneficiary to the title insurance policy because the title insurance policy does not directly refer to Sole and the contract does not provide for something to be done directly to or for Sole. (Doc. No. 13, SRB's Mot. to Dismiss 5-7; Doc. No. 22, Chicago Title's Mot. to Dismiss 5-8).

Sole responds that it is an intended third-party beneficiary under the insurance policy because "Chicago Title undertook an insurance obligation to the direct benefit of a class of potential claimants: 'statutory lien' holders." (Doc. No. 19, Pl.'s Resp. 6). Sole argues that it was the construction lien that triggered coverage under the title insurance policy, thereby evidencing that

4

it is within a class of intended beneficiaries. *Id.* at 7. Sole further asserts that "[c]ustomarily in a priority dispute such as the Underlying Litigation, Chicago Title would simply pay Sole to redeem the lien and maintain SRB's mortgagee interest on the Project. Instead, SRB simply accepted a portion of the money that was available exclusively due to Sole's valuable improvements to the Project." *Id.* at 7.

> The Michigan third-party beneficiary statute provides, in relevant part:
>
> Any person for whose benefit a promise is made by way of contract, as hereinafter defined, has the same right to enforce said promise that he would have had if the said promise had been made directly to him as the promisee.
>
> (1) A promise shall be construed to have been made for the benefit of a person whenever the promisor of said promise has undertaken to give or to do or refrain from doing something directly to or for said person.
>
> \*\*\*
>
> (2)(b) If such person is not in being or ascertainable at the time the promise becomes legally binding on the promisor then his rights shall become vested the moment he comes into being or becomes ascertainable if the promise has not been discharged by agreement between the promisor and the promisee in the meantime.

Mich. Comp. Laws § 600.1405.

In writing about the third-party beneficiary statute, the Michigan Supreme Court has opined that "the plain language of this statute reflects that not every person incidentally benefited by a contractual promise has a right to sue for breach of that promise, but rather only if the promisor has 'undertaken to give or to do or refrain from doing something directly to or for said person." *Brunsell v. City of Zeeland*, 467 Mich. 293, 296 (2002) (emphasis in the original), quoting Mich. Comp. Laws § 600.1405(1). "In other words, MCL 600.1405 draws a distinction between intended third-party beneficiaries who may sue for breach of a contractual promise in their favor and incidental third-party beneficiaries who may not." *Id*. In deciding whether an individual or corporation is an

intended third-party beneficiary of a contract, the form and the meaning of the "contract itself" must be examined using an objective standard. *Id*. at 428.

The contract at issue in this case is the title insurance policy, issued by Chicago Title to SRB. It is undisputed that Sole is not a party to the title insurance policy. Therefore, this court must determine whether by entering into the title insurance agreement, Chicago Title and SRB undertook to give or to do or to refrain from doing something directly to or for Sole. *See Schmalfeldt v. North Pointe Ins. Co.,* 469 Mich. 422, 423 (2003).

In *Schmalfeldt v. North Pointe Ins. Co.*, 469 Mich. at 423, the plaintiff was injured in a bar fight and sued the bar's insurer to recover payment for dental bills on the basis that he was a third-party beneficiary of the insurance contract between the bar and the insurer. The Michigan Supreme Court held that the plaintiff was not a third-party beneficiary under the insurance policy because the insurance company did not directly promise any benefit to the plaintiff. *Id.* at 429. The court opined, "At best, the policy recognizes the possibility of some incidental benefit to members of the public at large, but such a class is too broad to qualify for third-party status under the statute." *Id.* at 429.

In another recent Michigan Supreme Court case, *Brunsell v. City of Zeeland*, 467 Mich. 293 (2002), the plaintiff tripped and fell on a sidewalk, which was owned by a bank but leased to the city. The lease allocated the duty to repair the sidewalk to the city. *Id.* at 294-295. The plaintiff brought a breach of contract claim against the city in which she alleged that the city violated its contractual duty to repair the sidewalks. *Id.* at 294-295. The court held that the plaintiff was not a third-party beneficiary because the lease did not designate plaintiff or "any reasonably identified class" as an intended beneficiary of the city's agreement with the bank. *Id.* at 298. The court further

6

held that, under an objective analysis, the city's promise to repair the sidewalk was a promise that was made only to the bank, in a provision that was designed to "delineate the obligations of the city and the bank with regard to the premises, not to directly benefit third parties." *Id.* at 298.

These Michigan Supreme Court cases make clear that Sole is not a third-party beneficiary of the insurance contract between SRB and Chicago Title. The title insurance policy does not name Sole as a beneficiary, nor does the policy identify a class of intended third-party beneficiaries that Sole reasonably fits within. Rather, the insurance policy states: "the Company [Chicago Title], insures against loss or damage . . . sustained or incurred **by the insured** by reason of . . . the priority of any lien or encumbrance over the lien of the insured mortgage. . . ." (Compl. Ex. 3 Title Insurance Policy 72107-72926279) (emphasis added). This provision clearly designates SRB, the insured, as the only beneficiary of the policy. No other beneficiary is contemplated in the contract.

Sole would have this court construe the policy as insuring statutory lien holders as a class of potential claimants. However, an objective analysis of the insurance policy reveals that Chicago Title made direct promises only to its insured, SRB, and there is nothing in the policy that indicates that Chicago Title intended to provide benefits to third parties. *See Brunswell*, 467 Mich. at 298. Accordingly, the court finds that Sole is not a third-party beneficiary of the title insurance policy and recommends that Sole's breach of contract claim be dismissed.

SRB next argues that Sole's unjust enrichment claim should be dismissed because SRB did not receive a benefit from Sole and, even if a benefit was received, it was not unjustly retained. (Doc. No. 13, SRB's Mot. to Dismiss 10).[1] SRB, therefore, ask this court to decline to create a contract, using the unjust enrichment theory, because no contractual relationship existed. *Id.* at 12.

---

[1] Sole's unjust enrichment claim has allegations directed at SRB only.

Sole responds that dismissal is not warranted because it sufficiently pleaded a legal claim for unjust enrichment by alleging that Sole's work enhanced the value of the construction project by physically improving the property and increasing the value of the collateral. (Doc. No. 19, Pl.'s Resp. 8). Sole argues that if Chicago Title pays any monies to SRB relating to this construction project, "SRB will be unjustly enriched because the sole reason those funds would be paid is the valuable work Sole contributed to the Project." *Id.* at 8; Compl. ¶ 38. Alternatively, Sole asks this court to deny the motion to dismiss as premature and allow discovery to proceed. *Id.* at 9.

To prevail on an unjust enrichment claim, the plaintiff must show: (1) the defendant received a benefit from the plaintiff; and (2) it would be inequitable to allow defendant to retain that benefit. *Sweet Air Inv, Inc v. Kenney*, 275 Mich. App 492, 504 (2007).

Sole's unjust enrichment claim should be dismissed because Sole has not stated a claim for unjust enrichment upon which relief may be granted. Sole alleges that it conferred a benefit upon SRB "by increasing the value of its collateral." (Compl. ¶ 36). However, SRB did not benefit from an increase in its collateral. The benefit Sole seeks to recover is the insurance proceeds SRB received from Chicago Title. The insurance proceeds were not increased by Sole's work on the property. SRB and Chicago Title contracted to insure the mortgages against loss or damage but the amount of insurance proceeds was not directly or tangentially related to the value of the collateral. The insurance proceeds were based on the contractual agreement and the settlement that SRB and Chicago Title reached. Sole has not alleged any facts showing that the insurance award was increased by virtue of the work it performed on the property. Accordingly, Sole has not stated a claim for unjust enrichment because it did not confer a benefit to SRB and there is no inequity in allowing SRB to retain the insurance proceeds, particularly when Sole has already received the

8

property at issue, i.e the "collateral" that Sole increased in value, in the state court foreclosure proceeding.

Last, Defendants argue that Sole's constructive trust and equitable lien claims should be dismissed because constructive trusts and equitable liens are types of remedies, not independent causes of action. (Doc. No. 13, Mot. to Dismiss 14; Doc. No. 22, Chicago Title Mot. to Dismiss 10). Sole maintains that a constructive trust is an independent cause of action. (Doc. No. 19, Pl.'s Resp. 11).

A constructive trust is not really a trust but is a judicial remedy that may be imposed when necessary to achieve equity or to prevent unjust enrichment. *Grasman v. Jelsema*, 70 Mich. App. 745, 752 (1976); *Kammer Asphalt Paving Co., Inc. v. East China Twp. Sch.*, 443 Mich. 176, 188 (1993). A constructive trust may be imposed based on a finding of fraud, misrepresentation, breach of a fiduciary duty or confidential relationship, concealment, mistake, undue influence, duress, "taking advantage of one's weakness, or necessities, or any other similar circumstances which render it unconscionable for the holder of the legal title to retain and enjoy the property[.]" *Racho v. Beach*, 254 Mich. 600, 606-607 (1931).

Similarly, an equitable lien is an equitable remedy that generally arises from an agreement that identifies the property and reflects an intention that the property will be security for an obligation. *In re Moukalled Estate*, 269 Mich. App. 708, 719 (2006). "Equity will create a lien only in those cases where the party entitled thereto has been prevented by fraud, accident or mistake from securing that to which he was equitably entitled." *Cheff v. Haan*, 269 Mich. 593, 598 (1934).

Constructive trusts and equitable liens are both equitable remedies. The imposition of an equitable remedy is predicated on a finding of fraud, breach of contract, or the like. The court has

previously found that Sole has not stated claims for breach of contract or unjust enrichment. Therefore, Sole is not entitled to a constructive trust or an equitable lien, and Counts II and III of the complaint should be dismissed.[2]

### III. SRB's Motion for Rule 11 Sanctions

SRB moves the court to impose Rule 11 sanctions, arguing that Sole's lawsuit is meritless, frivolous, and was filed for the improper purpose of coercing SRB into a settlement. (Doc. No. 21, SRB's Mot. for Sanctions). Sole opposes SRB's motion on the grounds that the issue presented in this case is one of first impression and, therefore, not frivolous and Sole contends that it did not bring this lawsuit based on an improper purpose. (Doc. No. 25, Pl.'s Resp. 1-3).

This is not a case where Rule 11 sanctions are appropriate or warranted. It is apparent that Sole brought this complaint in good faith. The fact that this court has concluded that Sole has not stated a claim upon which relief can be granted does not mean that Rule 11 sanctions should be imposed. The complaint is not frivolous nor is there evidence that it was brought for an improper purpose. Accordingly, the court recommends that SRB's motion for sanctions be denied.

### IV. Conclusion

---

[2]Sole requests, in its response to SRB's motion for judgment on the pleadings, leave to amend its complaint prior to the dismissal of any of its claims. (Doc. No. 13, Pl.'s Resp. 12). Sole did not file a separate motion to amend with a corresponding brief and a proposed amended complaint as required by Local Rule. 15.1. The court will not consider any request to amend that is made in response to a motion, as the issue is not properly before the court.

For the reasons discussed above, the court recommends that SRB's and Chicago Title's motions for judgment on the pleadings be **GRANTED** (Doc. No. 13, 22) and SRB's motion for sanctions be **DENIED** (Doc. No. 21).

        S/Virginia M. Morgan
        Virginia M. Morgan
        United States Magistrate Judge

Dated: December 6, 2010

---

### PROOF OF SERVICE

The undersigned certifies that the foregoing document was served upon counsel of record via the Court's ECF System and/or U. S. Mail on December 6, 2010.

        s/Jane Johnson
        Case Manager to
        Magistrate Judge Virginia M. Morgan