**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION**

SOLE CONSTRUCTION, INC.,

    Plaintiff,

v.

                                                Case No. 10-CV-11879-DT

                                                HONORABLE DENISE PAGE HOOD

CHICAGO TITLE INSURANCE COMPANY
and SRB SERVICING, LLC,

    Defendants.

_____/

**ORDER REGARDING REPORT AND RECOMMENDATION
and
MOTION TO AMEND COMPLAINT**

**I.    BACKGROUND**

This matter is before the Court on Magistrate Judge Virginia M. Morgan's Report and Recommendation filed December 6, 2010. Objections and responses to the objections have been filed. Since the Report and Recommendation was issued, Plaintiff Sole Construction Inc. filed a Motion for Leave to File its First Amended and Supplemental Complaint. A response and reply have been filed to the Motion for Leave to File First Amended and Supplemental Complaint.

Sole filed a Complaint against Defendants Chicago Title Insurance Company and SRB Servicing LLC alleging: Breach of Contract-Third Party Beneficiary (Count I); Constructive Trust (Count II); Equitable Lien (Count III); and, Unjust Enrichment (Count IV). Sole alleges it is owed $469,217.60 for labor and materials furnished to a construction project known as Victoria Park in Van Buren Township, Michigan, which is covered under a Policy of Title Insurance issued by Chicago Title, Policy No. 72107-72926279. (Comp., ¶¶ Intro., 7) Fifth Third Bank, a non-party, was the lender who provided financing for the Project. (Comp., ¶ 8) Sole recorded its Claim of Lien

on the Project on August 6, 2008. (Comp., ¶ 10) Fifth Third Bank assigned the applicable mortgages to SRB on December 5, 2008 and February 5, 2009. (Comp., ¶ 11)

On January 9, 2009, Sole commenced a construction lien foreclosure action relating to the Project before the Wayne County Circuit Court, State of Michigan, Case No. 09-000765-CH. Summary disposition was entered in favor of Sole on March 26, 2010. (Comp., ¶ 15) The circuit court found that Sole's construction lien interest is senior to and takes priority over the mortgage interest of Fifth Third Bank and/or SRB and that Sole is entitled to a Judgment of Foreclosure in the amount of $469,217.60. (Comp., ¶ 15) On April 7, 2010, Sole filed the instant action before the Wayne County Circuit Court claiming that Chicago Title and/or SRB have failed and/or refused to pay Sole's claim. (Comp., ¶ 16) The action was removed to this Court on May 10, 2010.

SRB filed a Motion to Dismiss under rule 12(c) of the Rules of Civil Procedures on September 7, 2010, along with a Motion for Sanctions on October 14, 2010. Chicago Title also filed a Motion to Dismiss on October 18, 2010. The matters were referred to the Magistrate Judge who issued a Report and Recommendation on December 6, 2010.

## II.     ANALYSIS

### A.     Report and Recommendation

#### 1.     Motions to Dismiss

A district court must conduct a *de novo* review of the parts of a magistrate judge's report and recommendation to which a party objects. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). A district court may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge. *Id.*; *United States v. Shami,* 754 F.2d 670, 672 (6th Cir. 1985); *Flournoy v. Marshall,* 842 F.2d 875, 878 (6th Cir. 1987). A district court is not required to address each

objection independently or in writing. *See Ivy v. Sec'y of Health & Human Servs.,* 976 F.2d 288, 289-90 (6th Cir. 1992); *Stump v. Sec'y of Health & Human Servs.,* 27 F.3d 1050 (Table), 1994 WL 194174 at *3  (6th Cir. May 16, 1994)(unpublished).

 Sole filed six-numbered Amended Objections to the Report and Recommendation:

  No. 1:  The Report and Recommendation improperly concludes Sole is not within a class of intended third-party beneficiaries, such that it may not recover for breach of contract.

  No. 2:  The Report and Recommendation fails to recognize Sole pleaded a legally sufficient claim for unjust enrichment.

  No. 3:  The Report and Recommendation improperly fails to convert the motions to ones under Rule 56.

  No. 4:  The Report and Recommendation improperly recommends dismissal of Sole's Complaint without affording Sole an opportunity to conduct critical discovery.

  No. 5:  The Report and Recommendation improperly makes findings of fact in direct contravention to the applicable standard of review.

  No. 6:  The Report and Recommendation improperly concludes, as a matter of law, that a constructive trust is not an independent cause of action.

 Sole's first objection asserts that the Magistrate Judge erred in concluding that Sole is not within a class of intended third-party beneficiaries under a breach of contract theory.  The Court agrees with the Magistrate Judge's findings and conclusion that under Michigan law, there is nothing in the policy that indicates that Chicago Title intended to provide benefits to third parties. *See Brunsell v. City of Zeeland,* 467 Mich. 296, 298 (2002).

 Sole's second objection is to the Magistrate Judge's conclusion on Sole's unjust enrichment claim.  The Court agrees with the Magistrate Judge that Sole failed to state a claim upon which relief may be granted on an unjust enrichment claim in Michigan.  The Court accepts the Magistrate

Judge's conclusion that Sole did not confer a benefit on SRB and there is no inequity in allowing SRB to retain the insurance proceeds from Chicago Title.

Sole's sixth objection, that the Magistrate Judge erred in concluding that a constructive trust is not an independent cause of action, is without merit. The Court agrees with the Magistrate Judge that a constructive trust is a judicial remedy that may be imposed when necessary to achieve equity or to prevent unjust enrichment. As correctly cited by the Magistrate Judge, the Michigan Supreme Court held, "[a] constructive trust *may* be imposed 'where such trust is necessary to do equity or to prevent unjust enrichment....'" *Kammer Asphalt Paving Co., Inc. v. East China Twp. Schools,* 443 Mich. 176, 188 (1993)(italics added). "Hence, such a trust may be imposed when property 'has been obtained through fraud, misrepresentation, concealment, undue influence, duress, taking advantage of one's weakness, or necessities, or any other similar circumstances which render it unconscionable for the holder of the legal title to retain and enjoy the property....'" *Id.* (citations omitted). The Court accepts the Magistrate Judge's conclusion that Sole is not entitled to a constructive trust in this case.

The Court overrules Sole's third objection which claims that the Magistrate Judge failed to convert the Motions to Dismiss to Motions for Summary Judgment. Motions for judgment on the pleadings under Rule 12(c) are analyzed under the same standard as motions to dismiss under Rule 12(b)(6). *Sensations, Inc. v. City of Grand Rapids,* 526 F.3d 291, 295 (6th Cir. 2008). In a Rule 12(b)(6) motion, the court primarily considers the allegations in the complaint, although matters of public record, orders, items appearing in the record of the case, and exhibits attached to the complaint may also be taken into account. *Amini v. Oberlin College,* 259 F.3d 493, 502 (6th Cir. 2001). The Magistrate Judge reviewed the Complaint, the policy at issue, which was an exhibit to

the Complaint, and the applicable law. The Magistrate Judge's findings and conclusions did not go beyond the pleadings and exhibits submitted. The Magistrate Judge did not err in failing to convert the Motions to Dismiss as Motions for Summary Judgment.

Sole's fourth objection that the Motion to Dismiss was considered before discovery could be held is without merit. Given that the motions were based on the pleadings under Rule 12(c), discovery is not required. As noted above, the Magistrate Judge did not go beyond the pleadings and exhibits in reviewing the motions and facts were not at issue in applying the law.

The Court, having accepted the Magistrate Judge's findings and conclusions, Sole's fifth objection that the Magistrate Judge used a standard of review in contravention with the law is overruled. The Court grants Chicago Title and SRB's Motions to Dismiss.

### 2. Motion for Sanctions

SRB filed a Motion for Sanctions in this case under Rule 11. The Report and Recommendation concluded sanctions are not required against Sole. Objections to the Report and Recommendation denying the sanctions were filed by SRB. The Court agrees with the Magistrate Judge that sanctions are not warranted in this case. SRB's Motion for Sanctions is denied.

### B. Motion for Leave to File Amended and Supplemental Complaint

Sole seeks to amend its Complaint to add facts occurring after the Complaint was filed. Rule 15(a) provides that a party may amend its pleading once as a matter of course within 21 days after a responsive pleading is served. Fed. R. Civ. P. 15(a)(1). Rule 15(a)(2) further provides that a party may amend its pleading on leave of court. Leave shall be freely given when justice so requires. Fed. R. Civ. P. 15(a)(2). However, if a complaint cannot withstand a motion to dismiss under Rule 12(b)(6), the motion to amend should be denied as futile. *Rose v. Hartford Underwriters Ins. Co.,*

203 F.3d 417, 420 (6th Cir. 2000).

A review of the proposed Amended Complaint shows that it cannot withstand a motion to dismiss given that the theories of the case remain the same as the current Complaint. The Court, having granted Chicago Title and SRB's Motions to Dismiss finds that any amendment to the Complaint is futile.

### III.  CONCLUSION

For the reasons set forth above,

IT IS ORDERED that Magistrate Judge Virginia M. Morgan's December 6, 2010 Report and Recommendation [**No. 30, filed 12/6/2010**] is ACCEPTED AND ADOPTED as this Court's findings and conclusions of law.

IT IS FURTHER ORDERED that SRB Servicing's Motion to Dismiss Pursuant to Federal Rule of Civil Procedure 12(c) **[No. 13, 9/7/2010]** is GRANTED.

IT IS FURTHER ORDERED that Chicago Title's Motion to Dismiss **[No. 22, filed 10/18/2010]** is GRANTED.

IT IS FURTHER ORDERED that SRB Servicing's Motion for Sanctions Pursuant to Federal Rule of Civil Procedure 11 **[No. 21, filed 10/14/2010]** is DENIED.

IT IS FURTHER ORDERED that Sole Construction's Motion for Leave to File its First Amended and Supplemental Complaint **[No. 31, filed 12/20/2010]** is DENIED.

IT IS FURTHER ORDERED that Defendants SRB Servicing and Chicago Title are DISMISSED and this action is DISMISSED with prejudice.

        s/Denise Page Hood
        Denise Page Hood
        UNITED STATES DISTRICT JUDGE

Dated: January 31, 2011

I hereby certify that a copy of the foregoing document was mailed to the attorneys of record on this date, January 31, 2011, by electronic and/or ordinary mail.

        s/LaShawn R. Saulsberry
        Relief Case Manager, (313) 234-5165